BERNARD N. MARCANTEL, Judge Pro Tem.
The issue presented by this appeal is whether the trial court was correct in granting a motion for summary judgment.
*504 On January 5, 1987, defendant, Prank D. Daigle (hereinafter Daigle), executed a commercial promissory note in favor of Guaranty Bank & Trust Company (hereinafter Guaranty) for the sum of $8,353.77, at an interest rate of 2.00% per annum in excess of the Index Rate. Defendant, James W. Ethridge (hereinafter Ethridge), signed this note as a guarantor.
On January 19,1988, Daigle defaulted on his commercial promissory note to Guaranty. On January 11, 1990, Premier Bank filed a suit on the promissory note against Daigle and Ethridge. Ethridge answered denying that he owed plaintiff any money.
On April 24, 1990, Premier Bank filed a motion for summary judgment. The motion was heard on June 11, 1990, and no opposition was present. The trial court granted the motion. A formal written judgment was signed on July 13, 1990. It is from this judgment that Ethridge has appealed.
LACK OF HOLDER STATUS
Ethridge claims that the note which is payable to “the order of Bank” with “Guaranty Bank & Trust Co.” listed as “Bank” has never been negotiated to Premier Bank and, therefore, Premier Bank is not a holder. Premier Bank claims that the trial court can take judicial notice of the merger between Guaranty and Premier Bank, pursuant to La.C.E. art. 202.
La.C.E. art. 202 B.(l)(e) states:
“B. Other legal matters. (1) A court shall take judicial notice of the following if a party requests it and provides the court with the information needed by it to comply with the request, and may take judicial notice without request of a party of:
sjc ⅝ * jfe 4c *
(e) Rules and decisions of boards, commissions, and agencies of the United States or of any state, territory, or other jurisdiction of the United States which have been duly published and promulgated and which have the effect of law within their respective jurisdictions.”
A Certificate of Merger, dated September 30, 1988, is found in the records of the Louisiana Office of Financial Institutions. This certificate certifies that Guaranty Bank & Trust Company merged with Premier Bank of Lake Charles, National Association under the new name Premier Bank—Acadiana, National Association. We find that this court may take notice of this certificate of merger pursuant to La. C.E. art. 202 B.(l)(e).
Since a party can request judicial notice at any stage of the proceeding under La.C.E. art. 201(F), it is proper for judicial notice to be made for the first time on appeal, especially since Ethridge had notice that Premier Bank was formerly doing business as Guaranty Bank, as noted on service of the suit.
Since judicial notice is taken of the merger between Guaranty and Premier Bank, it must now be determined what effect the merger had on the promissory note in this case. The Agreement and Plan of Merger provided that the governing law in the present case is federal law and any applicable laws of the State of Louisiana.
12 U.S.C. § 215(e) states the effect of a merger on each of the constituent bank’s property rights and interests as follows:
“The corporate existence of each of the consolidating banks or banking associations participating in such consolidation shall be merged into and continued in the consolidated national banking association and such consolidated national banking association shall be deemed to be the same corporation as each bank or banking association participating in the consolidation. All rights, franchises, and interests of the individual consolidating banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the consolidated national banking association by virtue of such consolidation without any deed or other transfer. The consolidated national banking association, upon the consolidation and without any order or other action on the part of any court or otherwise, shall hold *505 and enjoy all rights of property, franchises, and interests, including appointments, designations, and nominations, and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, and committee of estates of lunatics, and in every other fiduciary capacity, in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the consolidating banks or banking associations at the time of consolidation, subject to the conditions hereinafter provided.” (Emphasis supplied.)
La.R.S. 6:355(D) states the effect of a merger as follows:
“Upon the effectiveness of the merger or consolidation, the effect thereof shall be that:
‡ >¡c * ⅜ sje He
D. All of the property and assets of whatsoever kind or description of each of the constituent banks, all franchises and interests including appointments, designations, and nominations, and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, and in every other fiduciary capacity, all debts due on whatever account to any of the constituent banks including subscriptions for shares and other rights of action belonging to any of them shall be taken and be deemed to be transferred to and vested in the surviving or new bank without further act or deed, in the same manner and to the same extent as such rights, franchises, and interests would have been held or enjoyed by any one of the constituent banks whenever such matter comes into existence as a result of one of the non-surviving constituent banks having been named in the act or document or other evidence that creates the right, interest, fiduciary relationship, or responsibility, such as a testament, trust indenture, or suspensively conditioned contract.”
(Emphasis supplied.)
It is not necessary for Guaranty to endorse the promissory note to the new bank, Premier Bank, since all the property and assets of the constituent banks, Guaranty and Premier Bank of Lake Charles, shall be deemed transferred to and vested in the new bank, Premier Bank, without further act or deed by operation of law. Thus, Premier Bank became the holder of Guaranty’s promissory note by operation of law and, therefore, had a right to sue on the note for payment.
NEGOTIABILITY
Ethridge next claims that the note is nonnegotiable because the interest rate on the promissory note is variable. However, this court finds that there is no need to address the issue of negotiability. The promissory note is being sued on by the original holder of the note due to the fact that there was a merger. The note was never negotiated to another party. Also, Premier Bank is not claiming that it is a holder in due course. Therefore, Premier Bank is entitled to sue as a holder of the note without proving that the note is negotiable.
Accordingly, we conclude that Premier Bank was entitled to summary judgment because Ethridge has failed to raise a triable issue of material fact.
For the reasons assigned, the judgment of the trial court is affirmed at the cost of defendant-appellant, James W. Ethridge.
AFFIRMED.